Leybinsky v. U.S. Immigration & Customs Enforcement

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of February, two thousand fourteen.

PRESENT: DENNIS JACOBS,
        RAYMOND J. LOHIER, JR.,
        CHRISTOPHER F. DRONEY,
            *Circuit Judges.*

_____

GERMAN LEYBINSKY,

        Petitioner-Appellant,

        v.                                13-762

UNITED STATES IMMIGRATION AND CUSTOMS
ENFORCEMENT, CHRISTOPHER SHANAHAN,
DISTRICT DIRECTOR,

        Respondents-Appellees.

_____

FOR APPELLANT:    Georgia J. Hinde, New York, NY.

FOR APPELLEES:    Patricia L. Buchanan (Emily E. Daughtry, <u>on the brief</u>), <u>for</u> Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Abrams, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal be **DISMISSED** and the judgment of the district court be **VACATED AND REMANDED** with directions to dismiss the action.

German Leybinsky appeals the denial of his petition for a writ of habeas corpus. He argues that, in view of his repeated detentions in contemplation of removal and the past refusals of any countries to issue travel documents, any further civil detention by U.S. Immigration and Customs Enforcement ("ICE"), absent a showing that his removal is reasonably foreseeable or that he poses a risk of flight or danger to the community, would cumulatively violate the limits on detention imposed by <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Our analysis begins--and ends--with whether Leybinsky's petition is moot given his release from ICE custody on August 30, 2010. "Under Article III of the U.S. Constitution, when a case becomes moot, the federal courts lack subject matter jurisdiction over the action." <u>Doyle v. Midland Credit Mgmt., Inc.</u>, 722 F.3d 78, 80 (2d Cir. 2013) (internal quotation marks and brackets omitted). To avoid mootness, "throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998) (internal quotation marks omitted).

Following his release from ICE custody, Leybinsky is no longer suffering an "actual injury." Nor has Leybinsky established any "collateral consequences adequate to meet Article III's injury-in-fact requirement." <u>Id.</u> at 14. The only consequence Leybinsky fears--future detention--is a consequence of his final order of removal, not of his most recent detention.

The district court ruled that Leybinsky's petition is saved from mootness because the challenged conduct is

2

capable of repetition yet evading review.  See Leybinsky v. U.S. Immigration & Customs Enforcement, 10 Civ. 5137 (RA), 2013 WL 132544, at *5-7 (S.D.N.Y. Jan. 8, 2013).  "[T]he capable-of-repetition doctrine applies only in exceptional situations."  City of Los Angeles v. Lyons, 461 U.S. 95, 109 (1983).  "[T]he following two circumstances [must be] simultaneously present: (1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again."  Lewis v. Cont'l Bank Corp., 494 U.S. 472, 481 (1990) (internal quotation marks and brackets omitted).

Leybinsky has not shown a "reasonable expectation" that he will be subjected to the same action again.  In the past, Leybinsky has been detained pursuant only to 8 C.F.R. § 241.4(l)(1), (2)(ii) for violating the conditions of his release, most recently by engaging in criminal conduct.  See App. 47 (June 2010 Notice of Revocation of Release states that release is revoked because of a disorderly conduct conviction and bribery charge).  Leybinsky is "able--and indeed required by law--to prevent such a possibility from occurring."  Spencer, 523 U.S. at 13 (internal quotation marks omitted).  It cannot be assumed for this purpose that Leybinsky will continue to violate the terms of his release and become subject to renewed detention.

Other subsections of the regulation do allow ICE to revoke release if, "in the exercise of discretion" and "in the opinion of the revoking official," "[t]he purposes of release have been served" or "[t]he conduct of the alien, or any other circumstance, indicates that release would no longer be appropriate."  8 C.F.R. § 241.4(l)(2).  But regardless of the broad discretionary authority the regulation grants ICE, *this particular petitioner* has been subject to detention only for specific (and most recently, criminal) violations of the terms of his release.  Leybinsky has made no showing that he is in foreseeable danger of arbitrary detention under a different regulatory provision.

We have considered all of Leybinsky's remaining arguments and conclude that they are without merit.  The appeal is hereby DISMISSED and the judgment of the district

court VACATED AND REMANDED with directions to dismiss the action.

                                    FOR THE COURT:
                                    CATHERINE O'HAGAN WOLFE, CLERK