ALISON J. NATHAN, District Judge:
On March 1, 2018, Petitioner Perez Chocho filed a petition seeking a writ of habeas corpus ordering Respondents to release him or provide him with a bond hearing. Pet. ¶ 1. On March 9, 2018, the Court ordered Respondents to file a return by March 21, 2018, showing cause why the *773 writ of habeas corpus should not be granted. Dkt. No. 11.
On March 20, 2018, the Court received a letter from Respondents stating that Petitioner was released from custody on March 19, 2018 and granted a one-year administrative stay of removal. Dkt. No. 13. In light of Petitioner's release from detention, Respondents request that this Court dismiss the action as moot. Dkt. No. 13. Petitioner opposes that request. Dkt. No. 15. For the reasons explained below, the Court dismisses the action as moot.
I. Factual Background
Petitioner is a citizen of Ecuador and has resided in the United States since 2003. Pet. ¶ 17. He has a six-year-old daughter who is a United States citizen. Pet. ¶ 17.
On October 29, 2003, Petitioner was ordered removed by the San Antonio Immigration Court. Pet. ¶ 22. Petitioner was unaware of the removal order until 2013, when he contacted an attorney to represent him on immigration matters. Pet. ¶¶ 23-25. On December 18, 2013, Petitioner surrendered to ICE. Pet. ¶ 26. ICE released Petitioner pursuant to an Order of Supervision. Pet. ¶ 27. For the next three years, Petitioner attended regular check-ins with ICE. Pet. ¶ 27.
Petitioner attended check-ins with ICE on March 16, 2017, and May 25, 2017. Pet. ¶ 32. At a check-in on August 29, 2017, Petitioner was arrested, and was detained until March 19, 2018. Pet. ¶ 34; Dkt. No. 13.
On March 15, 2017, Petitioner moved the San Antonio Immigration Court to reconsider its 2003 removal order. Pet. ¶ 31. The San Antonio Immigration Court denied that motion on June 21, 2017, and Petitioner appealed that decision to the Board of Immigration Appeals (BIA) on July 13, 2017. Pet. ¶ 33. On November 17, 2017, the BIA remanded Petitioner's case to the San Antonio Immigration Court to consider new evidence submitted on appeal. Pet. 39. The San Antonio Immigration Court issued an order on February 16, 2018 denying the motion to reopen proceedings. Pet. 47.
On November 21, 2017, Petitioner filed a motion for a bond hearing with the New York Immigration Court. Dkt. No. 8, Ex. 2 ¶ 11. The Immigration Court concluded that it lacked jurisdiction over a bond hearing because Petitioner was subject to an administratively final order of removal. Pet. ¶ 43. On February 15, 2018, Petitioner filed a second motion for bond with the New York Immigration Court based on Lora v. Shanahan , 804 F.3d 601 (2d Cir. 2015), and in the alternative, Zadvydas v. Davis , 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). Pet. ¶¶ 45, 49; Dkt. No. 8, Ex. 2 ¶ 13. On March 1, 2018, the Immigration Court held a hearing and denied bond because it concluded that it had no jurisdiction to consider the bond application. Pet. ¶ 46. On March 1, 2018, Petitioner submitted a written request for ICE to reconsider Petitioner's custody status. Pet. ¶ 50.
Petitioner has submitted an application for U Nonimmigrant Status, and on March 1, 2018, United States Citizenship and Immigration Services (USCIS) found that Petitioner was prima facie eligible for U Nonimmigrant Status. Pet. ¶ 35.
On March 1, 2018, Petitioner also filed a petition seeking a writ of habeas corpus. Pet. ¶ 1. He requested a writ of habeas corpus directing Respondents to bring Petitioner to Court and explain why Petitioner should not be released from custody; issue a declaratory judgment that Petitioner's mandatory detention violates his statutory and constitutional rights; direct Respondents to release Petitioner or provide him with a bond hearing; and award Petitioner all costs in maintaining the action.
*774 On March 19, 2018, Petitioner was released from custody and granted a one-year administrative stay of removal. Dkt. No. 13.
II. Analysis
"In order to satisfy the case-or-controversy requirement [of Article III], a party must, at all stages of the litigation, have an actual injury which is likely to be redressed by a favorable judicial decision." United States v. Williams , 475 F.3d 468, 478-79 (2d Cir. 2007). The petition for habeas corpus requests that Respondents release Petitioner or provide him with a bond hearing. Pet. 1. Since the filing of the petition, Petitioner has been released. Following his release from custody, Petitioner "is no longer suffering an 'actual injury." ' See Leybinsky v. U.S. Immigration and Customs Enforcement , 553 Fed.Appx. 108, 109 (2d Cir. 2014). Petitioner has received the relief that was sought in the habeas petition, so the action is now moot. See Martin-Trigona v. Shiff , 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed."). Despite Petitioner's argument to the contrary, see Dkt. No. 15, his request for a declaratory judgment does not change that conclusion, see Velvet Underground v. Andy Warhol Found., for the Visual Arts, Inc. , 890 F.Supp.2d 398, 403 (S.D.N.Y. 2012) ("As with any federal action, courts may not entertain actions for declaratory judgment 'when the parties are asking for an advisory opinion, when the question sought to be adjudicated has been mooted by subsequent developments, and when there is no standing to maintain the action.' " (quoting Flast v. Cohen , 392 U.S. 83, 95, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968) ).
In the absence of any actual injury, for a habeas petition to continue to present a live controversy after the petitioner's release "some 'collateral consequence' " must remain that may be redressed by success on the petition. Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). Petitioner contends that there is a live controversy because Respondents have promised to re-arrest Petitioner and hold him without bond if USCIS denies his petition for a U Visa. Dkt. No. 15 at 1. However, any continuing injury would result from the removal order, see Leybinsky , 553 Fed.Appx. at 109 ("The only consequence Leybinsky fears-future detention-is a consequence of his final order of removal, not of his most recent detention."), and this Court lacks jurisdiction to hear any challenge to the removal order, 8 U.S.C. § 1252(a)(5).
For similar reasons, Petitioner's invocation of the "voluntary cessation" exception to mootness doctrine is unavailing. See Dkt. No. 15 at 2-4. It "is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc. , 528 U.S. 167, 189, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) (citation and internal quotation marks omitted). However, the Government may overcome the exception and demonstrate mootness by showing that "(1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." MHANY Mgmt., Inc. v. Cty. of Nassau , 819 F.3d 581, 603 (2d Cir. 2016) (citation and internal quotation marks omitted). As stated above, ICE's release of Petitioner "eradicated" the alleged violation. Although Petitioner insists that he may be re-arrested if his U Nonimmigrant Status petition is denied, Dkt. No. 15 at 3, the Stay of Removal *775 is in effect for one year from March 16, 2018, Dkt. No. 15, Ex. 2, and "[t]he mere potentiality that Petitioner may be re-detained because [ ]he is under a removal order is insufficient to warrant this Court's retention of jurisdiction over the case," Pierre-Paul v. Sessions, 18-CV-2016, 293 F.Supp.3d 489, 493, 2018 WL 1413258, at *3 (S.D.N.Y. Mar. 19, 2018).[1]
* * *
For the foregoing reasons, the Court dismisses this action as moot without prejudice to Petitioner's ability to seek habeas relief from the appropriate court should he be re-detained.
SO ORDERED.

The Court notes that, had the action not been moot, there may have been a question whether venue was proper in this Court. See Pet. ¶ 34 (stating that Petitioner was detained "almost continuously" at the Hudson County Correctional Facility, which is located in New Jersey, after his arrest on August 29, 2017); Fortune v. Lynch , No. 15-CV-8134, 2016 WL 1162332, at *2 (S.D.N.Y. Mar. 22, 2016) ("[A] majority of district courts in the Second Circuit have applied the 'immediate custodian' rule to aliens challenging their detention pending deportation.... Thus, because Petitioner is detained in and filed his petition from New Jersey, the appropriate venue for his habeas petition is the District of New Jersey."); but see Pet. ¶¶ 2, 6 (noting that Petitioner was detained at the Varick Street Service Processing Center in New York on March 1, 2018). However, because the action is moot, the Court need not resolve that issue in this Order.